THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IN ADMIRALTY**

IN THE MATTER OF:

THE COMPLAINT OF MICHAEL H. GARY REV. TRUST DTD. 12/23/1996, AS OWNER OF A 2014 72' PRINCESS MOTOR YACHT *GAVIOTA* (HIN: VSC72100J314), ITS ENGINE, TACKLE, APPURTENANCES, EQUIPMENT, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY,

CASE NO.:

   Petitioner.
_____/

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

   Petitioner, MICHAEL H. GARY REV. TRUST DTD. 12/23/1996, as Owner of the 2014 72' Princess Motor Yacht *GAVIOTA* (HIN: VSC72100J314) (the "Vessel"), pursuant to Supplement Rule F of the Federal Rules of Civil Procedure, files his Complaint for Exoneration from or Limitation of Liability, and alleges as follows:

   1. This Complaint sets forth an admiralty and maritime claim within the meaning of Supplemental Rule 9(h) and Local Admiralty Rule A(1).

   2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and 46 U.S.C §30501, *et seq.*

   3. At all times material hereto, MICHAEL H. GARY REV. TRUST DTD. 12/23/1996 is and was the owner of the Vessel.

   4. This Complaint is filed within six (6) months of Petitioner's receipt of first written notice of a possible claim against it, arising from the subject incident and subject to exoneration from or limitation of liability.

5. Venue is proper pursuant to Supplemental Rule F(9) because the Vessel is located within this district.

6. The Vessel is a seagoing vessel per 46 U.S.C. § 30506(a).

7. On January 18, 2021, a fire allegedly occurred on the Vessel while at the Cortez Cove Marina at or near 4522 121st St. W, Cortez, Florida 34215 (the "Incident"), the origin of which is unknown.

8. As a result of the Incident, the Vessel was completely destroyed and rendered a total loss.

9. At all times material hereto, the Vessel was seaworthy, properly and efficiently supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel and appliances, all in good order and condition and suitable for the use for which it was engaged.

10. The Incident and any ensuing property loss, damages, personal injury and/or casualty were not caused by Petitioner's fault, or any person for whose actions Petitioner is responsible. Neither Petitioner nor the Vessel is liable to any extent, and Petitioner is entitled to exoneration from liability from all losses, damages, and injury, occasioned and incurred by or as a result of the Incident.

11. Alternatively, and without admitting liability, Petitioner alleges that in the event he or the Vessel should be held at fault to any parties by reason of the Incident set forth above, Petitioner claims such fault was occasioned and occurred without the privity or knowledge of Petitioner or any of his agents, representatives, or any persons whose actions Petitioner is responsible, at or before the Incident.

12. The Vessel's value following the fire was zero. *See* Declaration of Value, attached hereto as **Exhibit "A."**

13. Subject to an express reservation of rights, Petitioner files contemporaneously herewith an *Ad Interim* Stipulation for Costs and Value in the appropriate form, offering stipulation of the Vessel's value in the amount of $0.

14. Should the Court require it, Petitioner is prepared to give bond or stipulation for any amount as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States and Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioner respectfully requests:

a. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to which Petitioner seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on Petitioner's attorneys a copy thereof, on or before the date specified in the notice;

b. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue an injunction, per Supplemental Rule F(3), restraining the commencement or prosecution of any action or proceeding of any kind against Petitioner, his underwriters, or any of his property with respect to any claim for which Petitioner seeks limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the Incident described in the Complaint;

c. If any claimant who filed a claim shall also file an exception contesting the value of the Vessel or its pending freight, if any, as alleged herein, and the amount of the *Ad Interim*

  Stipulation for Costs and Value, this Court shall order an appraisement of the value of the Vessel following the loss, the value of Petitioner's interest therein, per Local Admiralty Rule F(3), and enter an Order for the filing of an amended stipulation for the aggregate value, as so determined, if any;

d. This Court adjudge Petitioner and the Vessel, and its owners, masters, crew, employees, and agents, not liable whatsoever for any losses, damages, injuries or destruction, or for any claim whatsoever done, occasioned or incurred as the result of the Incident; or, in the alternative, if the Court should adjudge that Petitioner is liable in any amount whatsoever, that said liability may be limited to the value of Petitioner's interest in the Vessel, and may be derived pro rata among such claimants; and that a judgment be entered discharging Petitioner and the Vessel of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioner or his property as result of or in connection with the Incident; and

e. This Court grant Petitioner such other and further relief that justice may require.

**[SIGNATURE BLOCK IS ON THE NEXT PAGE]**

Dated: March 22, 2021										Respectfully submitted,

										*/s/ Jennifer E. Seipel*
										**JENNIFER E. SEIPEL, ESQ.**
										Florida Bar No.: 026997
										jseipel@hamiltonmillerlaw.com
										**ADAM P. HAENEL, ESQ.**
										Florida Bar No.: 1014585
										ahaenel@hamiltonmillerlaw.com
										Hamilton, Miller & Birthisel, LLP
										100 South Ashley Drive, Suite 1210
										Tampa, Florida 33602
										Tel: 813-223-1900 / Fax: 813-223-1933
										**SERVICE EMAIL**:
										JESserve@hamiltonmillerlaw.com
										*Counsel for Petitioner MICHAEL H. GARY REV. TRUST DTD. 12/23/1996, as Owner of the 2014 72' Princess Motor Yacht GAVIOTA (HIN: VSC72100J314), its Engines, Tackle, Appurtenances, Equipment, Etc.*